

# American Bar Association

Home | JOIN | CLE | Lawyers | Education | Public | Store | Events | About | Contact

Search: [_____]     Web Site ▾ Go | Advanced Search   Print

Legal Education Home

Contact Information

ABA Approved Law Schools

About the Section

Accreditation

Bar Admissions

Calendar of Events

Distance Education

FAQs

Foreign Study

Legal Education Links

Legal Education Statistics

Publications

Post J.D./Non-J.D.

Pre-Law

Pro Bono

Questionnaires

Standards & Rules of Procedure

< Previous   Rules of Procedure Index   Previous >

# Rules of Procedure
## Chapter E: Major Program Changes
[Rule 18] [Rule 19]

### RULE 18. Major Change in the Program of Legal Education of a Provisionally or Fully Approved Law School.

(a) A major change in the program of legal education of a law school raises concern about the school's continued compliance with the Standards. Before making a major change in its program of legal education, a provisionally or fully approved school shall apply for and obtain Council acquiescence in the proposed change.

(b) Major changes in the program of legal education of a law school which require Council acquiescence include:

>    (1) Instituting a new full-time or part-time division;

>    (2) Changing from a full-time to a part-time program or from a part-time to a full-time program;

>    (3) Establishing a two-year undergraduate/four-year law school or similar program;

>    (4) Establishing a new or different program leading to a degree in addition to the J.D. degree;

>    (5) A change in program length measurement from clock hours to credit hours; and

>    (6) A substantial increase in the number of clock or credit hours that are required for graduation.

(c) A law school's application for acquiescence must be submitted to the Consultant's office at least 120 days prior to a scheduled meeting of the Accreditation Committee in order for the proposal to be considered by the Committee at that meeting.

(d) The application must contain:

>    (1) A letter from the president and the dean of the law school stating that they have read and carefully considered the Standards, have answered in detail the questions asked in the accompanying site evaluation questionnaire, and do certify that, in their respective opinions, the school fully complies with each of the Standards. If a law school seeking acquiescence is not part of a university, the letter may be from only the dean;

(2) A completed site evaluation questionnaire;

(3) A copy of the law school's most recent self-study;

(4) A description of the proposed change and a detailed analysis of the effect of the proposed change on the law school's compliance with the Standards;

(5) A request that the Consultant schedule a site evaluation at the school's expense; and,

(6) Payment to the Association of the application fee.

(e) When a law school submits a completed application, the Consultant shall timely arrange for a site evaluation visit by a team of qualified and objective persons unless no site visit is required because the application seeks approval of a major change described in Rule 18(b)(5) and Rule 18 (b)(6). If there is a state agency or official that grants degree-conferring authority, the school shall inform the Consultant, who shall invite the agency or official to observe the site evaluation. The Consultant shall schedule the site evaluation of the law school at a time during the academic year when regular classes are being conducted.

(f) A site evaluation of the school must be conducted before the Accreditation Committee or the Council considers the application, unless the application seeks approval of a major change described in Rule 18(b)(5) or Rule 18(b)(6).

(g) The site evaluators shall inquire into the effect the proposed change may have on the school's continuing compliance with the Standards.

(h) The site evaluators shall prepare a written report based on the site evaluation. The site evaluators shall report facts and observations that will enable the Accreditation Committee and the Council to determine the effect of the proposed change on the law school's continuing compliance. The site evaluators shall not make any determination as to the school's compliance with the Standards.

(i) The team shall promptly submit its report to the Consultant. After reviewing the report and conforming it to the requirements of Rule 18(h), the Consultant shall transmit the report to the president and the dean of the law school in order to provide an opportunity to make factual corrections and comments. In the letter of transmittal of the report, the Consultant shall include the date on which the Accreditation Committee is scheduled to consider the report. The Consultant shall further advise the president and the dean as to the date upon which their response to the report must be received by the Consultant, which date must be at least fifteen (15) days prior to the date of the meeting at which the Accreditation Committee is scheduled to consider the report. The school shall be given at least thirty (30) days to prepare its response to the report, unless the school consents to a shorter time period. The thirty-day period shall run from the date on which the Consultant mailed the report to the school.

(j) Following the receipt of the school's response to its site evaluation report, the Consultant shall forward a copy of the report along with the school's response to members of the Accreditation Committee and the site evaluation team.

(k) The Accreditation Committee may not consider any additional information submitted by the school after the school's response to the report has been received by the Consultant unless (1) the information is received in writing by the Consultant at least fifteen (15) days before the Committee meeting at which the report is scheduled to be considered or, (2) for good cause shown, the chairperson of the Committee authorizes consideration of the additional information that was not received in a timely manner.

(l) The Consultant shall furnish to the Accreditation Committee the law school's application, the site evaluation report, any written material submitted in a timely manner by the school, and other relevant information. These materials shall constitute the record.

(m) The chairperson or a member of the site evaluation team may be present at the Accreditation Committee meeting at which the law school is considered if requested by the chairperson of the Committee. The law school shall reimburse the site evaluation team member(s) for reasonable and necessary expenses incurred in attending the Committee meeting.

(n) Representatives of the law school, including legal counsel, may appear and make a presentation at the Accreditation Committee meeting at which the school's application is considered.

(o) After the Accreditation Committee meeting at which the school's application is considered, the Consultant shall inform the president and the dean of the law school in writing of the Committee's action. If the action is adverse to the law school, the action letter must state the reasons for the Committee's action.

(p) The Council shall acquiesce in the proposed major change if the law school demonstrates (1) that the change will not detract from the law school's ability to maintain a sound educational program leading to the J.D. degree and (2) that the law school will be operated in compliance with the Standards, or, in the case of a degree beyond the J.D. degree, that the existing J.D. program exceeds the Standards and the requirements of Standard 307 will be satisfied.

(q) If the Accreditation Committee recommends that the Council not acquiesce in a proposed major change, whether or not the school has applied for reconsideration, the applicant law school may not submit a new application for acquiescence until ten months after the date of the Committee's most recent recommendation.

(r) The Consultant shall timely place the Committee recommendation on the agenda of a Council meeting. The Consultant shall furnish to the Council all documents that were before the Committee and the action letter reporting the Committee's recommendation.

(s) After the Council meeting at which the application is considered, the Consultant shall inform the president and the dean of the law school in writing of the Council's action. There is no appeal from the Council's action.

(t) Following Council acquiescence in a major change, the Consultant shall arrange for a limited site evaluation of the school no later than two years after the date of the acquiescence to determine whether the law school has realized the anticipated benefits and remains in compliance with the Standards. No site visit shall be required following Council acquiescence in a major change described in Rule 18(b)(5) or Rule 18(b)(6). [top]

## RULE 19. Major Change in the Organizational Structure of a Provisionally or Fully Approved Law School.

(a) A major change in the organizational structure of an approved law school raises concern about the school's continued compliance with the Standards. Before making a major change in its organizational structure, a provisionally or fully approved law school shall apply for and obtain acquiescence in the proposed change.

(b) A major change in the organizational structure of an approved law school which requires Council acquiescence means:

(1) Materially modifying the law school's legal status or institutional relationship with