# Exhibit 4

## TABLE OF CONTENTS
### RULES OF PROCEDURE

**A. INTRODUCTION**

Rule 1.  Definitions As Used in These Rules. ................................................................. 62

**B. UNIFORM PROVISIONS**

Rule 2.  Site Evaluation - Uniform Provisions ................................................................. 63

Rule 3.  Accreditation Committee Consideration - Uniform Provisions. ........................ 64

**C. APPLYING FOR PROVISIONAL OR FULL APPROVAL**

Rule 4.  Application for Provisional or Full Approval. .................................................... 65

Rule 5.  Accreditation Committee Reconsideration of Previous Action Taken .............. 66

Rule 6.  Council Consideration of Recommendation of Accreditation Committee ........ 67

Rule 7.  Council Consideration of Appeal from Accreditation Committee
             Action Letter ..................................................................................................... 69

Rule 8.  Withdrawal of Application and Reapplication for Provisional or
             Full Approval .................................................................................................... 69

**D. EVALUATION OF PROVISIONALLY OR FULLY APPROVED SCHOOLS**

Rule 9.  Site Evaluation of Provisionally or Fully Approved Law Schools ................... 71

Rule 10. Review by the House of a Council Decision to Grant or Deny an Application
             for Provisional or Full Approval ...................................................................... 71

Rule 11. Action Concerning Apparent Non-Compliance with Standards ...................... 73

Rule 12. Fact Finder ....................................................................................................... 73

Rule 13. Hearing on Show Cause Order ........................................................................ 74

Rule 14. Council Consideration of Committee Recommendation for Imposition
             of Sanctions ...................................................................................................... 75

Rule 15. Maximum Period for Compliance with Remedial or Probationary
             Requirements .................................................................................................... 76

Rule 16. Review by the House of a Council Decision to Withdraw Approval ............... 76

Rule 17. Status of Law School Pending Appeal ........................................................... 76


**E. MAJOR CHANGES**

Rule 18. Major Change in the Program of Legal Education of a Provisionally or Fully
    Approved Law School .................................................................................. 77

Rule 19. Major Change in the Organizational Structure of a Provisionally or Fully
    Approved Law School .................................................................................. 80


**F. CLOSURE AND REINSTATEMENT**

Rule 20. Closure of Law School ................................................................................. 83

Rule 21. Reinstatement as an Approved School ........................................................ 84


**G. FOREIGN PROGRAMS**

Rule 22. Credit-Granting Foreign Programs .............................................................. 85

Rule 23. Appeals Concerning Credit-Granting Foreign Programs .............................. 85


**H. COMPLAINTS**

Rule 24. Complaints Concerning Law Schools .......................................................... 87


**I. INFORMATION DISCLOSURE AND CONFIDENTIALITY**

Rule 25. Confidentiality of Accreditation Information and Documents ........................ 89

Rule 26. Release of Information Concerning Applications for Provisional or
    Full Approval of Law Schools ...................................................................... 89

Rule 27. Information to be Furnished by Schools ...................................................... 90

Rule 28. Publication of List of Approved and Unapproved Schools ............................ 90

## J. Fees

Rule 29.  Fees ............................................................................................................... 91

## K. Reimbursement

Rule 30.  Guidelines for Reimbursement of Site Evaluators and Fact Finders ............... 92

## A. INTRODUCTION

**Rule 1. Definitions As Used in These Rules**

(a) "Action letter" means a letter transmitted by the Consultant to the president and the dean of a law school reporting Committee or Council action.

(b) "Association" means the American Bar Association.

(c) "Committee" means the Accreditation Committee of the Section which acts on all matters relating to the accreditation of law schools.

(d) "Consultant" means the Consultant on Legal Education to the American Bar Association.

(e) "Council" means Council of the Section of Legal Education and Admissions to the Bar of the American Bar Association.

(f) "House" means the House of Delegates of the American Bar Association.

(g) "J.D. degree" means the first professional degree in law granted by a law school.

(h) "President" means the chief executive officer of the university or, if the university has more than one administratively independent unit, of the independent unit.

(i) "Rules" means the Rules of Procedure for Approval of Law Schools by the American Bar Association.

(j) "Section" means the Section of Legal Education and Admissions to the Bar of the American Bar Association.

(k) "Sanctions" include, but are not limited to, censure, probation or removal of the school from the list of law schools approved by the Association.

(l) "Standards" means the Standards for Approval of Law Schools by the American Bar Association, as interpreted by the Council.

(m) "University" means a post secondary educational institution that confers a baccalaureate degree and may grant other degrees, whether it is called university, college, or other name.

## B. UNIFORM PROVISIONS

**Rule 2. Site Evaluation - Uniform Provisions**

(a) Where a site evaluation is required under these Rules, the Consultant shall arrange for a visit by a team of qualified and objective persons. If there is a state agency or other entity which authorizes degree granting authority or performs accreditation or certification functions, the school may inform the Consultant who shall invite the agency or official to observe the site evaluation.

(b) Before the site evaluation, the law school shall furnish to the Consultant and members of the site evaluation team a completed application (if the school is applying for provisional or full approval), the completed site evaluation questionnaire and the current self-study undertaken by the dean and faculty. Complaints received under Rule 24 and not dismissed by the Consultant or the Accreditation Committee shall be supplied by the Consultant to the site evaluation team.

(c) The Consultant shall schedule the site evaluation of the law school to take place during the academic year at a time when regular academic classes are being conducted. A site evaluation usually requires at least three days, as classes are visited, faculty quality assessed, admissions policies reviewed, records inspected, physical facilities examined, the library assessed, information set forth in the questionnaire reviewed, and consultations held with the president and other officers of the institution, the dean of the law school, members of the law school faculty, professional staff, law students, and members of the legal community. In the case of a law school seeking provisional or full approval, such visit shall be scheduled within three months after receipt, by the Consultant, of the application for approval.

(d) Following a site evaluation, the team shall promptly prepare a written report based upon the site evaluation. The team shall not determine compliance or non-compliance with the Standards, but shall report facts and observations that will enable the Committee and Council to determine compliance. The report of the team should give as much pertinent information as feasible.

(e) The team shall promptly submit its report to the Consultant. After reviewing the report and conforming it to the requirements of Rule 2(d), the Consultant shall transmit the report to the president and the dean of the law school in order to provide an opportunity to make factual corrections and comments. In the letter transmitting the report, the Consultant shall include the date on which the Accreditation Committee will consider the report and shall advise that any response to the report must be received by the Consultant at least fifteen (15) days prior to the date of the meeting at which the Accreditation Committee will consider the report. The school shall be given at least thirty (30) days to prepare its response to the report, unless the school consents to a shorter time period. The thirty-day period shall run from the date on which the Consultant mailed the report to the school.

(f) Following receipt of the school's response to the site evaluation report, the Consultant shall forward a copy of the report with the school's response to members of the Accreditation Committee and the site evaluation team.

(g)  The Accreditation Committee may not consider any additional information submitted by the school after the school's response to the report has been received by the Consultant, unless (1) the information is received in writing by the Consultant at least fifteen (15) days before the Committee meeting at which the report is scheduled to be considered, or (2) for good cause shown, the chairperson of the Committee authorizes consideration of the additional information that was not received in a timely manner.

(h)  This Rule shall not apply to site evaluations required by Rules 18 and 19.


## Rule 3.  Accreditation Committee Consideration - Uniform Provisions

(a) Upon completion of the procedures provided in Rule 2, the Accreditation Committee shall meet to assess approval based upon a record consisting of the law school's application (in the case of a school seeking provisional or full approval), the site evaluation report, any written material submitted in a timely manner by the school, and other relevant information.

(b)  The chairperson or a member of the site evaluation team may be present at the Committee meeting at which the law school is considered if requested by the chairperson of the Committee.  The reasonable and necessary expenses of such attendance shall be the responsibility of the law school.

(c)  In the case of a school seeking provisional or full approval, representatives of the law school may appear and make a presentation at the meeting of the Committee at which the school's application is considered.

(d)  After the Committee makes its decision, the Consultant shall inform the president  and the dean of the law school of the decision by an action letter.  If the decision is adverse to the law school, the action letter shall contain the Committee's specific reasons.

## C. APPLYING FOR PROVISIONAL OR FULL APPROVAL

**Rule 4.  Application for Provisional or Full Approval**

(a)  An applicant law school shall submit its application for provisional or full approval to the Consultant after the beginning of Fall term classes but no later than October 15 in the academic year in which the law school is seeking  approval.  If the school is seeking a site evaluation visit in the Fall academic term it shall also file, during the month of March of the preceding academic year, a written notice of its intent to do so.  A provisionally approved law school may apply for full approval no earlier than two years after the date that provisional approval was granted.

(b)  The application must contain:

(1)  A letter from the president and the dean of the law school stating that they have read and carefully considered the Standards, have answered in detail the questions asked in the accompanying site evaluation questionnaire and annual questionnaire, and do certify that, in their respective opinions, the law school complies with each of the requirements of the Standards for provisional or full approval.  If a law school seeking approval is not part of a university, the letter required from that institution by this subsection must be from the chairperson of the governing board and from the dean;

(2)  A completed site evaluation questionnaire;

(3)  A completed annual questionnaire;

(4)  In the case of a law school seeking provisional approval, a copy of a feasibility study which evaluates the nature of the educational program and goals of the school, the characteristics and interests of the students who are likely to apply, and the resources necessary to create and sustain the school, including relation to the resources of a parent institution, if any;

(5)  A copy of the self-study;

(6)  Financial operating statements and balance sheets for the last three fiscal years, or such lesser time as the institution has been in existence.  If the applicant is not a publicly owned institution, the statements and balance sheets must be certified;

(7)  Appropriate documents detailing the law school and parent institution's ownership interest in any land or physical facilities used by the law school;

(8)  A request that the Consultant schedule a site evaluation at the school's expense; and,

(9)  Payment to the Association of the application fee.

(c)  A law school may not apply for provisional approval until it has completed the first academic year of its program, except as provided in subsection (d).

(d)  A law school, however, may apply for provisional approval before it has completed the first academic year of its program if the Council has acquiesced in a major structural change by the law school pursuant to Rule 19 and:

> (1)  the law school was created, or is to be created, by the transfer of all, or substantially all, of the academic programs or assets of a fully approved or provisionally approved law school to a new institution and all of the details of the transfer have been settled; or,

> (2)  the law school was created by the opening of a branch by a fully approved law school.

(e)  A law school must demonstrate that it or the university of which it is a part is legally authorized under applicable state law to provide a program of education beyond the secondary level.

(f)  A law school shall disclose whether an accrediting agency recognized by the U.S. Secretary of Education has denied an application for accreditation filed by the law school, revoked the accreditation of the law school, or placed the law school on probation.  If the law school is part of a university, then the law school shall further disclose whether an accrediting agency recognized by the U.S. Secretary of Education has taken any of the actions enumerated above with respect to the university or any program offered by the university.  As part of such disclosure, the school shall provide the Consultant with information concerning the basis for the action of the accrediting agency.

(g)  When a law school submits a completed application for provisional or full approval, the Consultant shall arrange for a site evaluation as provided under Rule 2.

(h)  Upon the completion of the procedures provided in Rule 2, the Accreditation Committee shall consider the application in accordance with Rule 3.

## Rule 5. Accreditation Committee Reconsideration of Previous Action Taken

(a) A law school may request Accreditation Committee reconsideration of a Committee Action Letter by filing a request for reconsideration with the Chair of the Committee. The request must be filed within 30 days after the date of the Accreditation Committee Action Letter.

(b)The Chair of the Accreditation Committee shall grant the request for reconsideration upon good cause shown. If the request is granted, reconsideration shall take place at the next regularly scheduled meeting of the Accreditation Committee, if feasible.

(c)The record upon which the law school seeking reconsideration may proceed shall consist of the following:

(1) The record before the Committee at the time of its initial decision of the matter.

(2) The Committee Action Letter.

(3) The law school's request for reconsideration.

(4) Any new evidence upon which the request for reconsideration is based. Such new evidence must be submitted with the request for reconsideration and must be verified at the time of submission. Unverified new evidence will not be considered by the Committee.

(5) Examples of appropriate verification include (this is not an exclusive list):

(a) For a publicly supported law school, a copy of legislation verifying that the state legislature has included funding for a law school building project in a recently passed appropriations bill.

(b) A letter from a foundation officer verifying that funds have been deposited to the law school's account.

(c) A certificate of completion or occupancy issued by the appropriate governmental body, or other evidence of readiness for occupancy provided by the contractor or architect of a law school building project.

(d) A letter from the University president authorizing the hiring of a new faculty member.

(e) A letter from the dean verifying that offers have been made and accepted, accompanied by the copies of the faculty resumes.

(f) A copy of a written collection development plan for the Law Library accompanied by the minutes of the faculty meeting where the plan was adopted or accepted.

(g) Recent bar admissions data published or certified by the appropriate bar admissions authority.

(d) There shall be no right of appearance before the Committee in connection with reconsideration.

## Rule 6. Council Consideration of Recommendation of Accreditation Committee

(a) In those circumstances in which the Council takes final action on an Accreditation Committee recommendation (e.g., recommendations under Standards 102, 103, 802 and Rule 14, and some recommendations under Standard 105), the law school has a right of appearance before the Council.

(b) In considering the recommendation of the Committee, the Council shall adopt the Accreditation Committee's findings of fact unless the Council determines the findings of fact to be unsupported by substantial evidence on the record.

(c) The Council may adopt or modify the Accreditation Committee's recommendation, or it may refer the matter back to the Committee for further consideration.

(d) Council consideration of the Committee's recommendation shall, subject to sections (c), (e) and (f), be based on the following record:

    (1) The record before the Committee at the time of the Committee's decision.

    (2) The Committee Action Letter.

    (3) The school's appearance before the Council, if any.

(e) The Council will not accept new evidence submitted by the school except upon a two-thirds vote of the Council based on findings that:

    (1) The new evidence was not presented to the Accreditation Committee, and

    (2) The new evidence could not reasonably have been presented, and

    (3) A reference back to the Accreditation Committee to consider the new evidence would, under the circumstances, present a serious hardship to the school.

(f) In addition to the requirement of (e) above, the evidence may be received by the Council only if the evidence is:

    (1) Submitted at least 14 days in advance of the Council meeting, and

    (2) Appropriately verified at the time of submission.

(g) Examples of appropriate verification include (this is not an exclusive list):

    (1) For a publicly supported law school, a copy of legislation verifying that the state legislature has included funding for a law school building project in a recently passed appropriations bill.

    (2) A letter from a foundation officer verifying that funds have been deposited to the law school's account.

    (3) A certificate of completion or occupancy issued by the appropriate governmental body, or other evidence of readiness for occupancy provided by the contractor or architect of a law school building project.

    (4) A letter from the University president authorizing the hiring of a new faculty member.

(5) A letter from the dean verifying that offers have been made and accepted, accompanied by the copies of the faculty resumes.

(6) A copy of a written collection development plan for the Law Library accompanied by the minutes of the faculty meeting where the plan was adopted or accepted.

(7) Recent bar admissions data published or certified by the appropriate bar admissions authority.

### Rule 7. Council Consideration of Appeal from Accreditation Committee Action Letter

(a) A school may take an appeal from the Accreditation Committee Action Letter by filing a written appeal with 30 days after the date of the Accreditation Committee Letter. If the school has requested Accreditation Committee reconsideration, then the 30-day time period begins to run from the date of the Action Letter containing the Committee's decision on reconsideration. If the Accreditation Committee Chair denies the request for reconsideration, the 30-day time period begins to run from the date of the letter of denial.

(b) The Council shall consider the appeal at its next regularly scheduled meeting, if feasible.

(c) The Council may affirm or modify the Accreditation Committee decision, or it may refer the matter back to the Committee for further consideration.

(d) In considering the Appeal from the Accreditation Committee action, the Council shall adopt the Accreditation Committee's findings of fact, unless the Council determines that the findings of fact are unsupported by substantial evidence on the record.

(e) The record upon which the law school may base its appeal shall consist of the following:

(1) The record before the Committee at the time of the Committee's decision.

(2) The Committee Action Letter.

(3) The Committee response to the appeal, if any.

(4) The law school's written appeal. The written appeal may not contain, nor may it refer to, any evidence that was not in the record before the Committee at the time of its action.

(f) There shall be no right of appearance before the Council in connection with the appeal.

### Rule 8. Withdrawal of Application and Reapplication for Provisional or Full Approval

(a) If an application for provisional or full approval is withdrawn by a law school, the school may not reapply until at least ten months have elapsed from the date of withdrawal of the application. For good cause shown, the chairperson of the Committee may authorize an earlier application.

(b)  Whenever a law school withdraws its application for provisional approval after a site evaluation takes place, the site team shall prepare and file a site evaluation report with the Consultant.

(c)  If the Committee recommends that provisional or full approval not be granted, the law school may not reapply for approval until at least ten months after the Committee recommendation is made.  If the school petitions for Committee reconsideration or appeals the Committee's recommendation, the ten month period runs from the date of the final action on the school's petition or appeal.  For good cause shown, the chairperson of the Committee may authorize an earlier application.

## D. EVALUATION OF PROVISIONALLY OR FULLY APPROVED SCHOOLS

**Rule 9.  Site Evaluation of Provisionally or Fully Approved Law Schools**

(a)  A site evaluation of a provisionally approved law school shall be conducted each year.  A site evaluation of a fully approved law school shall be conducted in the third year following the granting of full approval and every seventh year thereafter.  The Council or Committee may order additional site evaluations of a school when special circumstances warrant.

(b)  In years two, four and five of a school's provisional approval status, the school shall normally be required to prepare a complete self-study, and the site evaluation shall normally be undertaken by a full site evaluation team.  In years one and three of a school's provisional status, a full self-study normally will not be required and a limited site evaluation, conducted by one or two site evaluators, normally will be undertaken.  The purpose of the limited site evaluation will primarily be to determine the extent to which the school is making satisfactory progress toward achieving full compliance with the Standards, and to identify any significant changes in the school's situation since the last full site evaluation.  The Accreditation Committee shall have the discretion to order a full site evaluation in any particular year, and to order a limited site evaluation if it determines that a full site evaluation is not necessary in any particular year.

(c)  The Consultant shall arrange for the site evaluation in accordance with Rule 2.

(d)  Upon the completion of the procedures provided in Rule 2, the Accreditation Committee shall consider the law school's evaluation in accordance with Rule 3.

(e)  A request for postponement of a site evaluation will be granted only if the law school is in the process of moving to a new physical facility or if extraordinary circumstances exist which would make it impossible for the scheduled site evaluation to take place.  The postponement shall not exceed one year.  The pending resignation of a dean, the appointment of an acting dean or the appointment of a permanent dean are not grounds for the postponement of a scheduled site evaluation. The Consultant, with the approval of the Accreditation Committee, may postpone site evaluations of some fully approved schools for one year in order to reduce the variation in the number of site evaluations of fully approved schools that are conducted each year.

**Rule 10.  Review by the House of a Council Decision to Grant or Deny an Application for Provisional or Full Approval**

(a) Council Approval.

(1)  A decision by the Council to grant a law school's application for provisional or full approval does not become effective until it has been reviewed by the House. After the meeting of the Council at which it decides to grant an application for provisional or full approval, the Chairperson of the Council shall furnish a written statement of the Council action to the House. The review by the House of the Council's decision shall be conducted in accordance with the provisions of this Rule and the Rules of Procedure of the House.

(2) Once the Council's action is placed on the calendar of a meeting of the House, the House shall at that meeting either agree with the decision or refer the decision back to the Council for further consideration. If the House refers a decision back to the Council, the House shall provide the Council with a statement setting forth the reasons for its referral.

(3) A decision by the Council to grant an application for provisional or full approval is subject to a maximum of two referrals back to the Council by the House. If the House refers a Council decision back to the Council twice, then the decision of the Council following the second referral will be final and will not be subject to further review by the House.

(b) Council Disapproval.

(1) A law school whose application for provisional or full approval is denied by the Council may appeal that decision to the House. The appeal shall be conducted in accordance with the provisions of this Rule and the Rules of Procedure of the House. The representative of the school who is permitted to appear under the Rules of Procedure of the House may be the legal counsel of the school.

(2) The Chairperson of the Council shall furnish to the Secretary of the Association a report including a copy of the site evaluation report and the Accreditation Committee's and the Council's action letters to the law school written subsequent to the most recent site evaluation report. The law school's appeal to the House constitutes a waiver of any confidentiality of the information contained in the site evaluation report and the letters reporting the action of the Accreditation Committee and the Council.

(3) Once a law school's appeal is placed on the calendar of a meeting of the House, the House shall at that meeting either agree with the Council's decision or refer the decision back to the Council for further consideration. If the House refers a decision back to the Council, the House shall provide the Council with a statement setting forth the reasons for its referral.

(4) A decision by the Council to deny an application for provisional or full approval, if appealed by the law school, is subject to a maximum of two referrals back to the Council by the House. If the House refers a Council decision back to the Council twice, then the decision of the Council following the second referral will be final and will not be subject to further review by the House.

(5) The Council's consideration of a decision referred back to it by the House shall be conducted pursuant to the procedures set forth in Rule 5. The record in such a proceeding shall include the statement of the House accompanying the referral back to the Council.

**Rule 11.  Action Concerning Apparent Non-Compliance with Standards**

(a) If the Committee has reason to believe that a law school does not comply with the Standards, the Committee shall inform the school of its apparent non-compliance and request the school to furnish by a date certain further information about the matter and about action taken to bring the school in compliance with the Standards.  The school shall furnish the requested information to the Committee.

(b) If, upon a review of the information furnished by the law school in response to the Committee's request and other relevant information, the Committee determines that the school has not demonstrated compliance with the Standards, the school may be required to appear at a hearing before the Committee to be held at a specified time and place to show cause why the school should not be required to take appropriate remedial action, placed on probation, or removed from the list of law schools approved by the Association.

(c) If the Committee finds that a law school has failed to comply with the Standards by refusing to furnish information or to cooperate in a site evaluation, the school may be required to appear at a hearing before the Committee to be held at a specified time and place to show cause why the school should not be required to take appropriate remedial action, placed on probation, or removed from the list of law schools approved by the Association.

(d) The Consultant shall give the law school at least thirty (30) days notice of the Committee hearing.  The notice shall specify the apparent non-compliance with the Standards and state the time and place of the hearing.  For good cause shown, the chairperson of the Committee may grant the school additional time, not to exceed thirty (30) days.  Both the notice and the request for extension of time must be in writing.  The Consultant shall send the notice of hearing to the president and the dean of the school by certified or registered United States mail.

**Rule 12.  Fact Finder**

(a) The chairperson of the Committee or the chairperson of the Council may appoint a fact finder to elicit facts relevant to any matter before the Committee or Council.

(b) The Consultant shall furnish the fact finder with a copy of the most recent site evaluation questionnaire, site evaluation report, annual questionnaire, Consultant's action letters written subsequent to the most recent site evaluation report, notice of Committee hearing or Council meeting and other relevant information.

(c) Following the fact finding visit, the fact finder shall promptly prepare a written report. The fact finder shall not determine compliance or non-compliance with the Standards, but shall report facts and observations that will enable the Committee and Council to determine compliance.  The report of the fact finder should give as much pertinent information as feasible.

(d) The fact finder shall promptly submit the report to the Consultant.  After reviewing the report and conforming it to Rule 12(c), the Consultant shall transmit the report to the

president and the dean of the law school in order to provide an opportunity to make factual corrections and comments. In the letter of transmittal of the report, the Consultant shall include the date on which the Accreditation Committee or Council will consider the report. The Consultant shall further advise the president and the dean as to the date upon which their response to the report must be received by the Consultant, which date shall be at least fifteen (15) days prior to the date of the meeting at which the Accreditation Committee or Council will consider the report. The school shall be given at least thirty (30) days to prepare its response to the report, unless the school consents to a shorter time period. The thirty-day period shall run from the date on which the Consultant mailed the report to the school.

**Rule 13. Hearing on Show Cause Order**

(a) The Consultant shall furnish to the Committee:

(1) The fact finder's report, if any;

(2) The most recent site evaluation report;

(3) Site evaluation questionnaire;

(4) Annual questionnaire;

(5) The Consultant's action letters written subsequent to the most recent site evaluation report;

(6) Notice of Committee hearing; and

(7) Other relevant information.

(b) Representatives of the law school, including legal counsel, may appear at the hearing and submit information to demonstrate that the school is currently in compliance with all of the Standards or to present a reliable plan for bringing the school into compliance with all of the Standards within a reasonable time.

(c) The Committee may invite the fact finder, if any, and the chairperson or other member of the most recent site evaluation team to appear at the hearing. The law school shall reimburse the fact finder and site evaluation team member for reasonable and necessary expenses incurred in attending the hearing.

(d) After the hearing, the Committee shall determine whether the law school is in compliance with the Standards and, if not, it shall direct the law school to take remedial action or shall impose sanctions, as appropriate.

(1) Remedial action may be ordered pursuant to a reliable plan for bringing the school into compliance with all of the Standards.

(2) If matters of noncompliance are substantial or have been persistent, then the Committee may recommend to the Council that the school be subjected to sanctions other than removal from the list of approved law schools regardless of whether the school has presented a reliable plan for bringing the school into compliance.

(3) If matters of noncompliance are substantial or have been persistent, and the school fails to present a reliable plan for bringing the school into compliance with all of the Standards, the Committee may recommend to the Council that the school be removed from the list of approved schools.

(e) If the Committee determines that the law school is in compliance, it shall conclude the matter by adopting an appropriate resolution, a copy of which shall be transmitted to the president and the dean of the school by the Consultant.

## Rule 14.  Council Consideration of Committee Recommendation for Imposition of Sanctions

(a) The Council may direct the law school to take remedial action or subject it to sanctions other than removal from the list of approved law schools regardless of whether the school has presented a reliable plan for bringing the school into compliance with all of the Standards.

(b) The Consultant shall inform the president and the dean of the law school of the decision by an action letter. If the decision is adverse to the law school, the action letter shall contain the Council's specific reasons.

(c) If the Council imposes sanctions in the absence of a reliable plan for bringing the school into compliance with all of the Standards, the Accreditation Committee shall monitor the steps taken by the school to come into compliance. If the Council imposes sanctions pursuant to a reliable plan for bringing the school into compliance with the Standards, the Accreditation Committee shall monitor the steps taken by the school for meeting its plan. At any time that the school is not making progress toward compliance with all of the Standards, or at any time that the school is not meeting the obligations of its plan, or if at the end of a period of time set by the Council for coming into compliance the school has not achieved compliance with all of the Standards, the Committee shall forward a recommendation that the school be removed from the list of approved schools. This recommendation shall be heard by the Council under the procedures of this Rule, but the only issue for Council consideration will be whether the school has met the terms of its plan or is in compliance with all of the Standards.

(d) At any time that the school presents information on which the Committee concludes that the school is in full compliance with the Standards, the Committee shall recommend to the Council that the school be taken off probation. This recommendation will be heard by the Council under the procedures of this Rule.

**Rule 15.  Maximum Period for Compliance with Remedial or Probationary Requirements**

Upon communication to a law school of a final decision that it is not in compliance with the Standards and informing it that it has been ordered to take remedial action or placed on probation pursuant to Rules 13 or 14, the school shall have a period as set by the Committee or the Council to come into compliance.  The period may not exceed two years unless such time is extended by the Committee or the Council, as the case may be, for good cause shown.

**Rule 16.  Review by the House of a Council Decision to Withdraw Approval**

(a) A decision by the Council to withdraw provisional or full approval from a law school does not become effective until it has been reviewed by the House.  After the meeting of the Council at which it decides to withdraw provisional or full approval, the Chairperson of the Council shall furnish a written statement of the Council action to the House.

(b) Review by the House of a Council decision to withdraw provisional or full approval from a law school shall be conducted in accordance with the provisions of this Rule and the Rules of Procedure of the House.  The representative of the school who is permitted to appear under the Rules of Procedure of the House may be the legal counsel of the school.

(c) The Chairperson of the Council shall furnish to the Secretary of the Association a report including the record on which the Council based its decision.  Review by the House constitutes a waiver of any confidentiality of the record.

(d) Once the Council's decision is placed on the calendar of a meeting of the House, the House shall at that meeting either agree with the Council's decision or refer the decision back to the Council for further consideration.  If the House refers a decision back to the Council, the House shall provide the Council with a statement setting forth the reasons for its referral.

(e) A decision by the Council to withdraw provisional or full approval from a law school is subject to a maximum of one referral back to the Council by the House.  If the House refers a Council decision back to the Council, then the decision of the Council following that referral will be final and will not be subject to further review by the House.

(f) The Council's consideration of a decision referred back to it by the House shall be conducted pursuant to the procedures set forth in Rule 14.  The record in such a proceeding shall include the statement of the House accompanying the referral back to the Council.

**Rule 17.  Status of Law School Pending Appeal.**

While an appeal from, or review of, an action of the Committee or Council is pending, the approval status of a law school is not affected.  The Consultant shall inform the president and the dean of the law school of this Rule in communicating the action of the Committee or Council.

## E. Major Program Changes

**Rule 18.  Major Change in the Program of Legal Education of a Provisionally or Fully Approved Law School.**

(a)  A major change in the program of legal education of a law school raises concern about the school's continued compliance with the Standards.  Before making a major change in its program of legal education, a provisionally or fully approved school shall apply for and obtain Council acquiescence in the proposed change.

(b) Major changes in the program of legal education of a law school which require Council acquiescence include:

(1) Instituting a new full-time or part-time division;

(2) Changing from a full-time to a part-time program or from a part-time to a full-time program;

(3) Establishing a two-year undergraduate/four-year law school or similar program;

(4) Establishing a new or different program leading to a degree other than the J.D. degree;

(5) A change in program length measurement from clock hours to credit hours; and

(6) A substantial increase in the number of clock or credit hours that are required for graduation.

(c) A law school's application for acquiescence must be submitted to the Consultant's office at least 120 days  prior to a scheduled meeting of the Accreditation Committee in order for the proposal to be considered by the Committee at that meeting.

(d) The application must contain:

(1) A letter from the president and the dean of the law school stating that they have read and carefully considered the Standards, have answered in detail the questions asked in the accompanying site evaluation questionnaire, and do certify that, in their respective opinions, the school fully complies with each of the Standards.  If a law school seeking acquiescence is not part of a university, the letter may be from only the dean;

(2) A completed site evaluation questionnaire;

(3) A copy of the law school's most recent self-study;

(4) A description of the proposed change and a detailed analysis of the effect of the proposed change on the law school's compliance with the Standards;

(5) A request that the Consultant schedule a site evaluation at the school's expense; and,

(6) Payment to the Association of the application fee.

(e) When a law school submits a completed application, the Consultant shall timely arrange for a site evaluation visit by a team of qualified and objective persons unless no site visit is required because the application seeks acquiescence in a major change described in Rule 18(b)(4), Rule 18(b)(5), or Rule 18(b)(6). If there is a state agency or official that grants degree-conferring authority, the school shall inform the Consultant, who shall invite the agency or official to observe the site evaluation. The Consultant shall schedule the site evaluation of the law school at a time during the academic year when regular classes are being conducted.

(f) A site evaluation of the school must be conducted before the Accreditation Committee or the Council considers the application, unless the application seeks acquiescence in a major change described in Rule 18(b)(4), Rule 18(b)(5), or Rule 18(b)(6).

(g) The site evaluators shall inquire into the effect the proposed change may have on the school's continuing compliance with the Standards.

(h) The site evaluators shall prepare a written report based on the site evaluation. The site evaluators shall report facts and observations that will enable the Accreditation Committee and the Council to determine the effect of the proposed change on the law school's continuing compliance. The site evaluators shall not make any determination as to the school's compliance with the Standards.

(i) The team shall promptly submit its report to the Consultant. After reviewing the report and conforming it to the requirements of Rule 18(h), the Consultant shall transmit the report to the president and the dean of the law school in order to provide an opportunity to make factual corrections and comments. In the letter of transmittal of the report, the Consultant shall include the date on which the Accreditation Committee is scheduled to consider the report. The Consultant shall further advise the president and the dean as to the date upon which their response to the report must be received by the Consultant, which date must be at least fifteen (15) days prior to the date of the meeting at which the Accreditation Committee is scheduled to consider the report. The school shall be given at least thirty (30) days to prepare its response to the report, unless the school consents to a shorter time period. The thirty-day period shall run from the date on which the Consultant mailed the report to the school.

(j) Following the receipt of the school's response to its site evaluation report, the Consultant shall forward a copy of the report along with the school's response to members of the Accreditation Committee and the site evaluation team.

(k) The Accreditation Committee may not consider any additional information submitted by the school after the school's response to the report has been received by the Consultant unless (1) the information is received in writing by the Consultant at least fifteen (15) days before the Committee meeting at which the report is scheduled to be considered or, (2) for

good cause shown, the chairperson of the Committee authorizes consideration of the additional information that was not received in a timely manner.

(l)  The Consultant shall furnish to the Accreditation Committee the law school's application, the site evaluation report, any written material submitted in a timely manner by the school, and other relevant information.  These materials shall constitute the record.

(m)  The chairperson or a member of the site evaluation team may be present at the Accreditation Committee meeting at which the law school is considered if requested by the chairperson of the Committee.  The law school shall reimburse the site evaluation team member(s) for reasonable and necessary expenses incurred in attending the Committee meeting.

(n)  Representatives of the law school, including legal counsel, may appear and make a presentation at the Accreditation Committee meeting at which the school's application for acquiescence in a major change is considered, except for applications seeking acquiescence of major changes described in Rule 18(b)(4), Rule 18(b)(5) or Rule 18(b)(6).

(o)  After the Accreditation Committee meeting at which the school's application is considered, the Consultant shall inform the president and the dean of the law school in writing of the Committee's action.  If the action is adverse to the law school, the action letter must state the reasons for the Committee's action.

(p)  Deleted, August 2005

(q)  If the Accreditation Committee recommends that the Council not acquiesce in a proposed major change, whether or not the school has applied for reconsideration, the applicant law school may not submit a new application for acquiescence until ten months after the date of the Committee's most recent recommendation.

(r)  The Consultant shall timely place the Committee recommendation on the agenda of a Council meeting. The Consultant shall furnish to the Council all documents that were before the Committee and the action letter reporting the Committee's recommendation.

(s)  After the Council meeting at which the application is considered, the Consultant shall inform the president and the dean of the law school in writing of the Council's action. There is no appeal from the Council's action.

(t)  Following acquiescence in a major change, the Consultant shall arrange for a limited site evaluation of the school no later than two years after the date of the acquiescence to determine whether the law school has realized the anticipated benefits and remains in compliance with the Standards. No site visit shall be required following acquiescence in a major change described in Rule 18(b)(5) or Rule 18(b)(6). The limited evaluation of a school granted acquiescence pursuant to Rule 18(b)(4) shall be conducted in the first academic year subsequent to acquiescence in which students are enrolled in the new program, and the Consultant may determine in each instance whether the evaluation pursuant to a major change under Rule 18(b)(4) requires an actual site visit or may be conducted through other means.

(u) The Council has delegated to the Accreditation Committee the authority to grant acquiescence in the types of major changes listed in Rules 18(b)(4), (5), and (6).

## Rule 19. Major Change in the Organizational Structure of a Provisionally or Fully Approved Law School

(a)  A major change in the organizational structure of an approved law school raises concern about the school's continued compliance with the Standards.  Before making a major change in its organizational structure, a provisionally or fully approved law school shall apply for and obtain acquiescence in the proposed change.

(b) A major change in the organizational structure of an approved law school which requires Council acquiescence means:

(1) Materially modifying the law school's legal status or institutional relationship with a parent institution;

(2)  Merging or affiliating with one or more approved or unapproved law schools;

(3) Acquiring another law school or educational institution;

(4)  Acquiring or merging with another university by the parent university where it appears that there may be substantial impact on the operation of the law school;

(5) Transferring all, or substantially all, of the academic program or assets of the approved law school to another law school or university;

(6) Opening of a Branch campus or Satellite campus at which a student could take the equivalent of 16 or more semester credit hours toward the law school's J.D. degree;

(7) Merging or affiliating with one or more universities; or

(8) A change in the control of the school resulting from a change in the ownership of the school or a contractual arrangement.

(c)  For purposes of this Rule:

(1) The transfer of all or substantially all of the academic program or assets of an approved law school to a new institution, merging or affiliating with one or more approved or unapproved law schools, or merging or affiliating with one or more universities may amount to the closure of an approved law school and the opening of a different law school.  If the Accreditation Committee determines, after written notice and an opportunity for written response, that such a change does amount to the closure of an approved law school and the opening of a different law school, it shall so notify the law school(s). If the Accreditation Committee determines that any proposed structural change constitutes the creation of a different law school, it shall

recommend to the Council that any acquiescence in the proposed structural change be accompanied by a requirement that the school apply for provisional approval under the provisions of Standard 102 and Rule 4.

(2) Factors that shall be considered in making the determination of whether the events listed in paragraph (1) above constitute the closure of an approved law school and the opening of a different law school include, without limitation, whether such events are likely to result in

(a) significant reduction in the financial resources available to the law school;
(b) significant change, present or planned, in the governance of the law school;
(c) significant change, present or planned, in the overall composition of the faculty and staff at the law school;
(d) significant change, present or planned, in the educational program offered by the law school; or
(e) significant change, present or planned, in the location or physical facilities of the law school.

(3) Opening of a Branch campus by an approved law school is treated as the creation of a different law school. A Branch campus shall apply for provisional approval under the provisions of Standard 102 and Rule 4. A law school seeking to establish a Branch campus shall submit to the Consultant, as part of its application, a business plan that contains the following information concerning the proposed Branch campus: a description of the educational program to be offered; projected revenues, expenditures and cash flow; and the operational, management and physical resources of the proposed Branch campus.

(4) After written notice and an opportunity for a written response, the Accreditation Committee shall determine whether any other proposed structural change constitutes the creation of a different law school. If the Accreditation Committee determines that any proposed structural change constitutes the creation of a different law school, it shall recommend to the Council that any acquiescence in the proposed structural change be accompanied by a requirement that the school apply for provisional approval under the provisions of Standard 102 and Rule 4.

(d) An approved law school must inform the Consultant prior to implementing any proposed major structural change(s) so that a site evaluation visit may be promptly scheduled. In the event that the major change in organizational structure is the opening of a branch or an additional location, the site evaluation visit shall take place within six months of the start of classes at the branch or additional location.

(e) If a different school will be created as a result of the major structural change, the different school may apply for approval pursuant to provisions of Rule 4. If the different school demonstrates that it is in full compliance with the Standards as provided in Standard 103, the Committee shall recommend that it be fully approved. Such recommendation may be conditioned upon further site evaluation visits or other requirements. If the different school is not in full compliance with the Standards, but it substantially complies with each of the Standards as provided in Standard 102, the Committee shall recommend that it be

provisionally approved.  The Committee may also recommend that the school will be allowed to seek full approval in a period of time shorter than that provided in Standard 103.

(f) If the Accreditation Committee determines that the proposed change will not create a different law school, the law school shall request acquiescence by the Council in compliance with Rule 18.

## F. CLOSURE AND REINSTATEMENT

**Rule 20. Closure of Law School**

(a) An approved law school and its parent institution, if any, agree to provide, in the event of closure or cessation of operation, an opportunity for currently enrolled students to complete their degrees under the terms of a closure plan which meets at least the conditions set out below and is found acceptable by the Accreditation Committee.

(b) The conditions to be met by a closure plan shall include the following:

(1) As soon as the decision to close is made, the institution shall make a public announcement and notify the Consultant of that fact. The Consultant shall notify the Council so that the Council may withdraw approval of the school pursuant to the procedures set forth in Rule 16. Once the withdrawal of approval has become final, the Consultant shall make a public announcement that the school has been removed from the list of ABA approved law schools.

(2) The law school shall not thereafter admit or enroll any student (including a transfer or non-degree candidate) who was not a student at the time when the decision to close is announced.

(3) The governing body of the institution shall take all necessary steps to retain degree-granting authority for sufficient time to allow completion of degrees by those students who are degree candidates at the time the decision to close is announced and who complete degree requirements either at the law school or at another ABA approved law school in the normal period of time required for that student's course of study.

(4) Law school officials shall use their best efforts to assist students in transferring to, or acquiring visiting status at, another ABA approved law school for completion of their degree requirements. It is the policy of the American Bar Association to encourage all ABA approved schools to accept transfer or visiting students from a closing law school.

(5) Until the date of closing the law school shall maintain:

(i) an educational program that is designed to qualify its graduates for admission to the bar;

(ii) library collection and services adequate to support the curriculum, either on-site or through arrangements with other law libraries in the immediate vicinity;

(iii) a student faculty ratio adequate to maintain a sound educational program;

(iv) an adequate administrative staff to handle student problems and record-keeping along with support of the academic program

(v) the law school shall maintain its existing physical facilities unless prior approval of the Accreditation Committee is obtained.

(6) Tuition shall not be increased beyond the normal rate of inflation after the date that a decision to close is made. Students transferring credit back to the law school shall not be charged fees beyond a reasonable administrative fee for the process of transfer.

(7) In the event that the school enters into a teach-out agreement with another law school, the school shall submit the teach-out agreement to the Accreditation Committee for its approval. As a condition for approval of the closure plan, the teach-out agreement must comply with the requirements set forth in 34 CFR 602.27(b)(6).

(c) If the school discontinues instruction or makes a decision to do so prior to the end of the normal period for completion of degrees by current students, then the following condition shall apply:

(1) The school shall take all reasonable steps to avoid closing during an academic year. If the closing occurs during an academic year, then the school shall make adequate arrangements for students to enroll in other law schools for that current year at no additional cost to the student.

(2) The school shall permit currently enrolled students to complete their degree requirements at other ABA approved law schools; credit earned at other law schools shall be received as transfer credit toward the degree of the closing school.

(3) Students transferring credit back to the law school shall not be charged fees beyond a reasonable administrative fee for processing of records.

(4) The Consultant shall notify the Council of the school's decision and the date at which the school intends to cease operations.

(d) Commitments for legal representation made during operation of a law school skills training program are not monitored by the accreditation process of the American Bar Association. The governing body, however, is reminded that those commitments constitute obligations both of the attorney who has taken the case and the institution employing that attorney. Satisfactory arrangements will need to be made for closing those cases either by concluding the matter or by retention of alternate counsel.

(e) The governing body of the institution shall make arrangements for permanent retention and availability of student records.

## Rule 21.  Reinstatement as an Approved School

A law school that has been removed from the list of law schools approved by the Association may be reinstated by complying with the procedures for obtaining approval, as though it had never been approved.

## G. FOREIGN PROGRAMS

**Rule 22.  Credit-Granting Foreign Programs**

(a) A law school may not undertake a credit-granting foreign program without first notifying the Consultant and obtaining Committee acquiescence in accordance with published Criteria for Approval of Foreign Summer Programs, Criteria for Approval of Semester Abroad Programs, Criteria for Cooperative Programs for Foreign Study, or, Criteria for Individual Student Study Abroad for Academic Credit, or other criteria applicable to the awarding of credit for foreign study.

(b) The review process of a law school includes review of any credit-granting foreign program.


**Rule 23.  Appeals Concerning Credit-Granting Foreign Programs**

(a) If the Accreditation Committee determines not to acquiesce in, or to withdraw acquiescence from, a credit-granting foreign program, the law school may appeal the Committee action to the Council.  The school must file with the Consultant its written notice of appeal within 30 days after the Consultant mailed to the school notice of the Committee action.  In the written notice of appeal, the school shall specify the nature of and grounds for the appeal, and attach any documents that support the appeal.

(b) The Committee shall have the opportunity to submit to the Council a written statement in response to the notice of appeal.  Any such statement shall be filed with the Consultant within 15 days following the first meeting of the Committee held after the filing of the notice of appeal.

(c) After the Consultant has received a timely notice of appeal, the Consultant shall place the law school's appeal on the agenda of a Council meeting.

(d) The Consultant shall furnish to the Council all documents that were before the Committee when it determined not to acquiesce in, or to withdraw acquiescence from, the credit-granting foreign program; the action letter reporting those conclusions to the law school; the notice of appeal and supporting documents submitted by the school; and any statement of the Committee submitted in response to the notice of appeal.  These materials shall constitute the record.  The Council shall consider and decide the appeal on the basis of the documentary record.

(e) The Council may not consider any evidence that has not first been presented to the Committee, unless the Council, by a two-thirds vote of the members present, decides that the best interests of the accreditation process would be served by consideration of the evidence.

(f) On appeal, the law school shall have the burden of establishing that the action of the Committee is clearly erroneous.  The Council shall not engage in a de novo review of the factual findings made by the Committee.

(g) After the meeting of the Council at which an appeal is considered, the Consultant shall inform the president and the dean of the law school in writing of the Council action.  The Consultant shall also provide to the Committee the letter reporting the decision of the Council.

## H. COMPLAINTS

**Rule 24.  Reports Concerning Law School Non-Compliance with the Standards**

(a) The United States Department of Education procedures and rules for the recognition of accrediting agencies require a recognized accrediting agency to have a process for the reporting of complaints against accredited institutions that might be out of compliance with the agency's accreditation standards. 34 C.F.R. 602.23(c). This is the process for the Council of the Section on Legal Education and Admissions to the Bar and law schools with Juris Doctor programs approved by the Council.

(i) This process aims to bring to the attention of the Council, the Accreditation Committee, and the Consultant on Legal Education facts and allegations that may indicate that an approved law school is operating its program of legal education out of compliance with the Standards for the Approval of Law Schools.

(ii) This process is not available to serve as a mediating or dispute-resolving process for persons with complaints about the policies or actions of an approved law school. The Council, Accreditation Committee and the Consultant on Legal Education will not intervene with an approved law school on behalf of an individual with a complaint against or concern about action taken by a law school that adversely affects that individual. The outcome of this process will not be the ordering of any individual relief for any person or specific action by a law school with respect to any individual.

(b) Any person may file with the Consultant on Legal Education a written report alleging non-compliance with the Standards for the Approval of Law Schools by an approved law school.

(i) This report must be filed within one calendar year of the person's learning of the facts on which the allegation is based. Pursuit of other remedies does not toll this one calendar year limit.

(ii) Reports must be in writing.

(iii) Anonymous reports will not be considered.

(iv) A report that has been resolved will not be subject to further review or reconsideration unless subsequent reports about the school raise new issues or suggest a pattern of significant noncompliance with the Standards not evident from the consideration of the previously resolved report.

(c) The report should contain as much information and detail as possible about the circumstances that led to the report. The report should cite the relevant Standards and Interpretations that are implicated by the report.

(d) The report must include the following release language: "I authorize the Consultant on Legal Education to disclose this report and my identity to the law school discussed in the report." If the person filing the report is not willing to sign such a release, the matter will be

closed. If the Consultant or designee concludes that extraordinary circumstances so require, the name of the person filing the report may be withheld from the school.

(e) Process

(i) The Consultant or the Consultant's designee shall acknowledge receipt of the report within 14 days of its receipt.

(ii) The Consultant or designee shall determine whether the report alleges facts that raise issues relating to an approved law school's compliance with the Standards. This determination shall be made within six weeks of receiving the report. If the Consultant or designee concludes that the report does not raise issues relating to an approved school's compliance with the Standards, the matter will be closed.

(iii) If the Consultant or designee determines that the report does raise such issues, the report shall be sent to the school and a response requested. The Consultant or designee ordinarily will request the dean of the school to respond within 30 days.

(iv) If the school is asked for a response to the report, the Consultant or designee will review that response within 45 days of receiving it. If the response establishes that the school is not out of compliance with respect to the matters raised in the report, the Consultant or designee will close the matter.

(v) If the school's response does not establish that it is operating in compliance with the Standards on the matters raised by the report, the Consultant or designee, with the concurrence of the chairperson of the Accreditation Committee, will appoint a fact finder to visit the school to investigate the issues raised by the report and the school's response. The report, school response, and fact-finder's report shall be referred to the Accreditation Committee and considered in the same manner as reports and reviews that fall under Rule 11(a) of the Rules of Procedure.

(vi) The person making the report will be notified promptly whether the matter was concluded under (ii), (iv) or (v) above. The person filing the report will not be provided with a copy of the school's response, if any, and will not receive any further report on matter.

(f) There is no appeal to the Council or the Accreditation Committee, or elsewhere in the American Bar Association, in connection with a conclusion by the Consultant or designee that a report does not raise issues under the Standards.

(g) To ensure the proper administration of the Standards and this report process, a subcommittee of the Accreditation Committee shall periodically review the written reports received in the Consultant's Office and their disposition. The subcommittee shall periodically report to the Committee on this process. The Consultant's Office shall keep a record of these reports for a period of ten years.

## I. INFORMATION DISCLOSURE AND CONFIDENTIALITY

**Rule 25.  Confidentiality of Accreditation Information and Documents**

(a)  Except as provided in this Rule and in Rules 6 and 26, all matters relating to the accreditation of a law school shall be confidential.  This shall include proceedings and deliberations of the Accreditation Committee and Council, and all non-public documents and information received or generated by the American Bar Association.

(b)  Neither the site evaluation report nor any portion thereof may be disclosed by the Association, including the Council, the Committee, the Consultant's office, or any site evaluator, unless first disclosed by the law school or the University.  The law school or the University may release the whole report or portions of it as it sees fit.  If the law school makes public the site evaluation report or any portion thereof, notification must be given to the Consultant at the time of the disclosure, and disclosure of the report may be made by the Consultant, upon approval of the chairperson of the Section.  The Consultant may release to the public the status of the school, with an explanation of the Association procedure for consideration of an application.

(c)  Discussion of the contents of a site evaluation report with, or release of the report to, the faculty, the university administration or the governing board of the university (or a free standing law school) does not constitute release of the report to the public within the meaning of this Rule.

(d)  The school is free to make use of the recommendations and decisions as contained in the Consultant's action letter addressed to the president and the dean.  However, any release must be a full release and not selected excerpts.  The Consultant and the Association reserve the right to correct any incorrect or misleading information released or published by the institution through all appropriate means (including release of portions of the site evaluation report or the entire site evaluation report).

(e)  The dean of the evaluated school shall review the site report to determine whether it contains criticism of the professional performance or competence or the behavior of a member of the school's full-time faculty or professional staff.  If the report contains this criticism, the dean shall make available to the person concerned the germane extract of the report and shall send the Consultant a copy of the transmitting letter and of the extract.  The Consultant shall review each site evaluation report of an approved school or applicant school to determine whether it contains the above described criticism.  If the Consultant finds this criticism and has not received a copy of a letter from the dean to the person concerned transmitting the extract of the report, the Consultant shall inform the dean of the criticism and ask her or him to make available to the person concerned the germane extract of the report.  The dean shall send the Consultant a copy of her or his written communication with the affected person, who is entitled to submit in writing her or his comments on the statement in the report to the persons who have received the report.

**Rule 26.  Release of Information Concerning Applications for Provisional or Full Approval of Law Schools**

In the case of schools seeking provisional or full approval, the staff persons of the American Bar Association may state:

(a) Whether or not a specific school has submitted an application to the American Bar Association for provisional approval.

(b) The procedural steps for consideration of an application, including:

    (i) consideration of an application by the Accreditation Committee;

    (ii) action by the Council upon the Accreditation Committee's recommendation and an explanation that action of the Council may not follow that of the recommendation made by the Accreditation Committee; and

    (iii) the role of the House in such decisions.

(c) After notification of the Accreditation Committee's action or the Council action, as the case may be, to the school, the staff may release the status of the school to the public, with the explanation of the procedural steps for consideration of an application as outlined in subparagraph (b) of this Rule.

## Rule 27. Information to be Furnished by Schools

(a) A law school shall provide in a timely manner all information requested by the Consultant, a site evaluation team, the Accreditation Committee and the Council.

(b) Annual and site evaluation questionnaires are received in confidence by the Consultant, the site evaluation team, the Accreditation Committee and the Council.

(c) Statistical reports ("take-offs") prepared from data contained in the annual questionnaires are for the use of the Council, the Consultant, and deans of ABA approved law schools and not for public release. Information provided in statistical reports is intended for exclusive and official use by those persons authorized by the Council to receive it.

(d) An approved law school shall promptly inform the Consultant if an accrediting agency recognized by the U.S. Secretary of Education denies an application for accreditation filed by the law school, revokes the accreditation of the law school, or places the law school on probation. If the law school is part of a university, then the law school shall promptly inform the Consultant if an accrediting agency recognized by the U.S. Secretary of Education takes any of the actions enumerated above with respect to the university or any program offered by the university. As part of such disclosure, the school shall provide the Consultant with information concerning the basis for the action of the accrediting agency.

## Rule 28. Publication of List of Approved and Unapproved Schools.

The Council shall annually publish a complete list of all approved law schools and as many unapproved law schools as are known to the Consultant. The list shall be published annually in a publication designated by the Council pursuant to Standard 509.

## J. FEES

**Rule 29.  Fees**

The Council shall fix fees for:

(a)  Filing an application for provisional approval.  If a law school withdraws its application for provisional approval before a site evaluation takes place, the school will be refunded 50% of the application fee;

(b)  Annual site evaluations of a provisionally approved law schools;

(c)  Annual fees for fully approved law schools;

(d)  Annual fees for approved foreign programs;

(e)  Applications for approval of foreign programs;

(f)  Applications for acquiescence in a major change in program or structure of an approved school as provided in Rules 18 or 19; and

(g)  Other services and activities of the Section.

## K. REIMBURSEMENT

**Rule 30.  Guidelines for Reimbursement of Site Evaluators and Fact Finders**

All reasonable and necessary expenses of members of site evaluation teams and fact finders shall be reimbursed by the visited institution as follows:

(a)  Transportation - All necessary transportation on the basis of coach class air fares and ground transportation expenses.  Site evaluators and fact finders are urged to secure the most reasonably priced air ticket.  If the visited institution wishes to avail site evaluators of special air fares, it is suggested that the visited law school secure and supply the air ticket in advance of the visit.

(b)  Lodging and Meals - Hotel or motel sleeping rooms at a reasonable cost, including a parlor when necessary for the work of the site evaluation team or fact finders.  Meals shall be reimbursed on a reasonable basis.  It is recommended that the visited law school make reservations for suitable accommodations for members of the site evaluation team or fact finders at a hotel/motel of the school's choice.

(c)  Incidentals - Gratuities and miscellaneous items shall be reimbursed.  Long distance telephone calls related to the site visit shall be reimbursed.