Exhibit 8

June 9, 2005

Associate Dean John Nussbaumer
Thomas Cooley Law School
300 South Capital Avenue
Lansing, MI 48901

Dear Dean Nussbaumer:

This responds to your letter of May 17, 2005, in which you requested guidance concerning the procedures that would be applicable to applications that Thomas Cooley Law School intends to file for the establishment of Branch Campuses at Oakland and Grand Rapids.

The procedure for opening a Branch Campus is a two-fold one. First, under Standards 105 and 106, and Rules 18 and 19, the establishment of a Branch Campus is a "major change", and prior acquiescence by the Council in that major change must be obtained. Standards 105 and Rules 18 and 19 govern those procedures. Thus, as you have already been informed, in anticipation of the School's application for acquiescence in the major change associated with the establishment of a Branch Campus, our Office has already begun to appoint a team of fact-finders who would undertake the site evaluation that, under Rules 18(e) and (f), must occur before either the Accreditation Committee or the Council consider an application for acquiescence in a major change. As Deputy Consultant Stephen Yandle has already informed you by e-mail, we plan to schedule that fact-finding and the School's sabbatical site evaluation so that the reports of both visits will be considered by the Accreditation Committee at its April 2006 meeting.

Under Rule 19(c)(3), the opening of a Branch Campus also creates a "different law school," and the Branch Campus must thereafter apply for provisional approval. That application for provisional approval is considered, as are all applications for provisional approval, under the provisions of Rule 4. However, Rule 4(d) provides that, in the case of a Branch Campus, the application for provisional approval may be filed before the Branch Campus has completed the first academic year of its program. Thus if Cooley applied for acquiescence in the major change associated with the establishment of a Branch Campus this coming summer or fall, and if the Council granted acquiescence in that major change in time for the Branch to begin operation in the fall of 2006, under Rule 4 the application for provisional approval could be filed in the fall of 2006. If the School wishes to have a fall 2006 site evaluation in connection with its application for provisional approval of the Branch Campuses, then under Rule 4(a) the School should file with this Office in March 2006 a request for such a fall 2006 site evaluation, contingent upon ultimately receiving acquiescence from the Council in the major change.

The acquiescence proceedings referenced in the Council's August 17, 2004, letter referred to the first step outlined above, the required application for prior acquiescence by the Council in the establishment of a Branch or Satellite Campus. If the School wishes in the alternative to apply for acquiescence in the establishment of a Branch or a Satellite Campus at either the Oakland or Grand Rapids locations, one application for each location that alternatively requests acquiescence in a Branch or a Satellite should be sufficient as long as the applications in the alternative demonstrate compliance with the different criteria for acquiescence in a Branch or Satellite Campus.

The above represents the considered advice of this Office concerning the questions that you raise. There is no procedure for obtaining "declaratory" or "advisory" rulings from the Council. Therefore, Justice Elizabeth Lacy, the Chair of the Council, has determined that your inquiries will not be presented to the Council for action.

Sincerely,


John A. Sebert
Consultant on Legal Education
        to the American Bar Association

cc:     Honorable Elizabeth Lacy
        Darryl DePriest, Esquire

41430-1